KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, Kansas 67402-2567
(785) 825-4674 [Phone]
(785) 825-5936 [Fax]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHARON K. BOESE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-cv-1262-EFM |
| | ) |
| FORT HAYS STATE UNIVERSITY | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Sharon K. Boese ("Sharon"), for her cause of action against Defendant, Fort Hays State University (hereinafter referred to as "Fort Hays"), states and alleges as follows:

**Parties**

1.      Sharon is a resident of the State of Kansas and resides at 102 West 4th Street, Liebenthal, Rush County, Kansas, 67553.

2.      Fort Hays is a state educational institution, as defined in K.S.A. § 76-711, with its principal place of business at 600 Park Street, Hays, Kansas, 67601.  Fort Hays can be served with a summons at its Office of General Counsel, President's Office, 312 Sheridan Hall, 600 Park Street, Hays, Kansas, 67601, and by serving the Kansas Attorney General's Office, addressed to Kansas Attorney General Stephen Six at Memorial Hall, 2nd Floor, 120 SW 10th Street, Topeka, Kansas 66612.

**Jurisdiction**

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

**Venue**

4. Venue is proper in the District Court for the District of Kansas pursuant to 28 U.S.C. § 1391.

**Allegations of Fact**

5. Sharon is a 47-year-old white female.

6. Sharon is currently employed by Fort Hays, where she has worked since September 2006.

7. Sharon presently holds the position of Custodial Specialist, and is currently assigned to Wiest Hall, where she has worked since May 2009. Prior to this time, Sharon was assigned to McMindes Hall.

8. Sharon's former supervisor at McMindes, Becky Kuhn, transferred, leaving an opening for Hall Supervisor.

9. Sharon applied for the position of McMindes Hall Supervisor about March 2008 and interviewed for that opening with a hiring board consisting of James Helget, Robert Degenhardt, Luke Depenbusch, and Christina Schmidt.

10. Luke Depenbusch acted as interim hall supervisor during the time period after Becky Kuhn's transfer. Prior to acting as interim supervisor of McMindes Hall, Luke had been named supervisor of Agnew Hall in August 2007, although at that time he had only worked for Fort Hays for approximately six months.

11. Additionally, it was common knowledge among the custodial employees that Luke had a poor work record, and yet he was hired not only as Agnew Hall supervisor but as interim supervisor of McMindes.

12. Sharon, along with a group of other female employees, approached Tom Kuhn, Personnel Director, with their concerns regarding Luke and concerns over negative actions of Robert Degenhardt, Residential Facilities Manager. Specifically, the female employees complained that Luke, as a male, was receiving preferential treatment.

13. Tom Kuhn later met with Robert Degenhardt to discuss the female employees' meeting with Tom.

14. Fort Hays subsequently hired a male from outside Fort Hays, Darren Timken, to fill the position of McMindes Hall Supervisor.

15. Robert Degenhardt, Residential Facilities Manager, did not hire Sharon for the supervisory position in retaliation for her complaint regarding discrimination to Tom Kuhn, Personnel Director.

16. Sharon brought her concerns to the attention of various officials at Fort Hays, including: James Helget, Supervisor; Tom Kuhn, Personnel Director, and Dr. Harriett Kaplan, of the Affirmative Action Office.

17. After an investigation into Sharon's complaints, Dr. Harriett Kaplan stated to Sharon that Robert Degenhardt, Residential Facilities Manager, had issues with women that Dr. Kaplan was not able to discuss with Sharon. No further action by the Fort Hays administration was taken.

18. Sharon has exhausted her administrative remedies.

**Theories of Recovery**

## COUNT I
## TITLE VII – GENDER DISCRIMINATION

19. Sharon realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above.

20. Sharon was subjected to discrimination on account of her female gender in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq., and the actions of Fort Hays entitle Sharon to injunctive relief and damages for any lost wages, humiliation, embarrassment, emotional distress and other damages.

WHEREFORE, Sharon respectfully requests that the Court enter judgment in her favor and against Fort Hays for injunctive relief and damages in an amount in excess of $75,000.00; that the costs of this action, including reasonable attorney fees, be assessed against Fort Hays; and that the Court grant such other and further relief as it deems fair and equitable under the circumstances.

## COUNT II
## TITLE VII – RETALIATION

21. Sharon realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above.

22. The actions of Fort Hays constitute retaliation in violation of Title VII, 42 U.S.C. §2000e et seq., and entitle Sharon to injunctive relief and damages for any lost wages, humiliation, embarrassment, emotional distress and other damages.

WHEREFORE, Sharon respectfully requests that the Court enter judgment in her favor and against Fort Hays for injunctive relief and damages in an amount in excess of $75,000.00; that the costs of this action, including reasonable attorney fees, be assessed against

Fort Hays; and that the Court grant such other and further relief as it deems fair and equitable under the circumstances.

                                         RESPECTFULLY SUBMITTED,

                                         /s/  Larry G. Michel
                                         Larry G. Michel         #14067
                                         Angela Chesney Herrington #24196
                                         KENNEDY BERKLEY YARNEVICH
                                         & WILLIAMSON, CHARTERED
                                         119 West Iron Avenue, 7th floor
                                         P.O. Box 2567
                                         Salina, KS  67402-2567
                                         (785) 825-4674
                                         lmichel@kenberk.com

                                         ATTORNEYS FOR PLAINTIFF

## DEMAND FOR TRIAL BY JURY

Sharon hereby requests pursuant to Fed.R.Civ.P. 38(b) that all issues of fact be tried to a jury.

                                         /s/  Larry G. Michel
                                         Larry G. Michel

## DESIGNATION OF PLACE OF TRIAL

Pursuant to D.Kan. Rule 40.2, Sharon designates Wichita, Kansas as the place of trial.

                                         /s/  Larry G. Michel
                                         Larry G. Michel